UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:13-CR-01147-1 |
| | § | |
| VICTOR SAMUEL CHAVEZ | § | |

**FINDINGS AND RECOMMENDATION**
**ON PLEA OF GUILTY**

Senior United States District Judge Janis Graham Jack referred this case to the undersigned United States Magistrate Judge for the purpose of conducting a guilty plea proceeding pursuant to Rule 11 of the Federal Rules of Criminal Procedure.[1]   The undersigned submits these Findings and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(3).   All parties have waived the right to plead before a United States District Judge, and additionally, have consented to proceed before the undersigned.

On January 3, 2014, the defendant appeared with counsel before the undersigned Magistrate Judge and was personally addressed in open court and admonished pursuant to Rule 11 of the Federal Rules of Criminal Procedure as follows:

1.      The defendant was placed under oath and advised that any false answers given during the plea proceeding could be used by the United States against the defendant in a prosecution for perjury or for making a false statement.

2.      The defendant was advised that the indictment charged him with conspiracy to transport undocumented aliens in violation of Title 8, United States Code,

---

[1] *See* Special Order No. C-2013-02 referring defendants charged with felony violations of 8 U.S.C. § 1324 (fast track only) who desire to plead guilty and have consented to plead guilty before a United States Magistrate Judge. The parties announced that this is a fast track case.

Sections 1324(a)(1)(A)(ii), 1324(a)(1)(A)(v)(I), and 1324(a)(1)(B)(i).  The defendant was advised that these sections of Title 8 make it unlawful for any person knowing of the fact that aliens had come to, entered and remained in the United States in violation of law, to knowingly and intentionally conspire to transport said aliens within the United States in furtherance of such violation by means of a motor vehicle.

3.     The defendant was advised of the defendant's right to a jury trial, the right to the presumption of innocence, the right to require that the United States prove each of the elements of the offense to a jury beyond a reasonable doubt.  The defendant was further advised that the right to a jury trial included the right to see, hear and cross-examine witnesses, the right to compel witnesses to appear on the defendant's behalf, and the right to testify on the defendant's behalf or to remain silent. The defendant was advised that a plea of guilty would waive the right to a jury trial, the right to see, hear and cross examine witnesses, the right to compel witnesses to appear in the defendant's behalf, and the right to remain silent.

4.     The defendant was advised that the elements of the offense are:  (1) That the defendant and at least one other person made an agreement to commit the crime of knowingly transporting an illegal alien within the United States in furtherance of the alien's unlawful presence; (2) That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and (3) That one of the conspirators during the existence of the conspiracy knowingly committed some act in furtherance of the conspiracy.  The defendant was further advised of the elements of transporting aliens, the underlying offense.

5.     The defendant was advised that the maximum possible sentence included a prison term of up to ten years plus a maximum fine of up to $250,000, and a period of supervised release of not more than three years, and that any violation of supervised release could result in an additional prison term of up to a maximum of two years.

The defendant also was advised that even if he received the maximum two year sentence for violation of supervised release, if he had not completed his full term of supervised release, he could be re-released to supervised release, and if revoked again he could receive up to a two year sentence again.  The defendant was advised that this could happen multiple times until he had completed serving his term of supervised release.

The Defendant was provided with a copy of "Court's Exhibit 1" which lists all of the standard and special conditions of supervision. Defense counsel agreed to review the document with the defendant prior to sentencing.

The defendant also was advised that a mandatory $100 special assessment applied to this felony conviction.

6.     The defendant was advised of the District Court's obligation to calculate the applicable advisory sentencing guideline range and to consider that advisory range, possible departures and variances under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a). The defendant further stated that he understood and had discussed with his attorney how the guidelines might be calculated in his case and applied to him.

The government stated that the only applicable adjustment or offense characteristic that may result in an increase to the offense level under the U.S. Sentencing Commission Guidelines is for the number of aliens transported.  In this case there were 6 aliens transported which will result in a 3-level increase to the offense level pursuant to U.S.S.G. § 2L1.1(b)(2)(A).

7.     The defendant was advised that his written plea agreement with the United States included a promise that the United States would recommend a 4-level credit for acceptance of responsibility (pursuant to the fast track program), a sentence within the applicable guideline range as decided by the District Court and a recommendation that any remaining counts be dismissed at the time of sentencing.  If the defendant provided substantial assistance, the United States may move for a downward departure for substantial assistance pursuant to U.S.S.G. §5K1.  The defendant was further advised that the decision about whether to move for a downward departure was a decision solely in the discretion of the attorney for the United States, and the decision whether to grant such a motion rested with the sentencing judge. The defendant was further advised that the plea agreement included only a promise by the United States to make a certain recommendation to the sentencing court, not a promise by the sentencing court to impose a certain sentence.

8.     The defendant was further advised that the plea agreement contained a waiver of his right to appeal and to file any petitions collaterally challenging his conviction.[2]  The defendant stated that he had discussed the appeal waiver with his attorney and he understood that he was knowingly waiving his right to appeal the conviction and sentencing decision of the District Court to a higher court unless the District Court sua sponte departed upward from the applicable guideline range or imposed a sentence that exceeded the maximum sentence, and that he was knowingly waiving his right to file a petition collaterally challenging his conviction.  The defendant further stated that he was asking the District Court to accept the plea agreement with the waiver of his appellate rights.

---

[2] The defendant waiving his appellate rights is a condition of the fast track program.

9.     The defendant, a U.S. Citizen,  was further advised that this conviction would result in the loss of his right to possess firearms, vote or to hold public office, and he stated he understood and had discussed these matters with his attorney.

The defendant stated that he had received a copy of the indictment, he understood the nature of the charge, the maximum possible penalty, and the consequences of pleading guilty.  The defendant further stated that the plea of guilty was made freely and voluntarily, and did not result from any force, threats or coercion, and no one had promised the defendant a certain sentence. The defendant stated that he understood that if he did not receive the sentence hoped for, he could not withdraw his plea of guilty.  The undersigned finds the defendant to be sufficiently competent to enter a plea of guilty.

The defendant pleaded guilty to the offense of conspiracy to transport undocumented aliens in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii), 1324(a)(1)(A)(v)(I), and 1324(a)(1)(B)(i) as alleged in Count One of the Indictment.  When questioned about the guilty plea, the defendant admitted that he knowingly and willfully entered into an agreement with other persons to commit the crime of transporting undocumented aliens within the United States.  He admitted he knew of the unlawful purpose of the agreement and that he joined it willfully with the intent to further the unlawful purpose. Finally, the defendant admitted that at least one of the co-conspirators committed at least one act in furtherance of the conspiracy. The defendant admitted he was the driver of the vehicle containing the undocumented aliens.

The undersigned United States Magistrate Judge finds that defendant's guilty plea was freely and voluntarily tendered and did not result from force, threats, or promises and that an adequate factual basis exists in relation to this plea.

## RECOMMENDATION

It is respectfully recommended that the District Court adopt the foregoing findings, accept the defendant's plea of guilty, and enter a finding that the defendant is guilty as charged in the indictment.

Respectfully submitted this 3rd day of January, 2014.

Jason B. Libby
United States Magistrate Judge

## <u>NOTICE TO PARTIES</u>

The Clerk will file the Findings and Recommendation on Plea of Guilty and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Crim. P. 59(b), 28 U.S.C. § 636(b)(1), and General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).*